## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **DARIO BENITO VELASQUEZ and CELERINO MATA PRIMITIVO** (hereinafter referred to as "Plaintiffs") and **NYC TRUCKING CORP. d/b/a NYC PRODUCE and VICTORIANO BRAVO** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-and-hour-related claims that Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 20-CV-5229 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS**, Defendants deny any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.    Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a.    Defendants shall cause Plaintiffs to be paid the gross sum of Sixty Thousand Dollars ($60,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. <u>Within 30 days of Court approval of this Agreement,</u> Defendants shall provide payment of Fifteen Thousand Dollars and Zero Cents ($15,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(i),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(ii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iv. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(iii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

v. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(iv)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vi. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(v)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(vi)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

viii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(vii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ix. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(viii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

x. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(ix)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xi. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(x),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xi),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xiii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xii),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xiv. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xiii),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xv. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xiv),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xvi. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xv),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. Within five (5) business days of receiving the full payment listed in Paragraph 1(a)(i), Plaintiffs will file a Stipulation of Discontinuance with prejudice for Court approval.

2. **<u>Confession of Judgment</u>**

a. Upon signing of this settlement agreement, Defendants shall execute and provide original signed versions of a Confession of Judgment in the amount of Ninety Thousand Dollars ($90,000.00) (attached hereto as Exhibit B), less 150% of any amounts previously paid pursuant to this Agreement, and counsel for the

Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiffs shall provide ten (10) calendar days written notice to be delivered to Defendants via email to Timothy J. Fierst, Esq. at tfierst.law@gmail.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

d. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiffs' counsel shall return the Confessions of Judgment to Defendants' counsel or confirm that the Confessions of Judgment have been destroyed.

3. **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, their successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, liquidated damages, record-keeping violations and failure to provide proper wage statements and wage notices, which Plaintiffs ever had or now have against all Defendants.

4. **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

5. **Non-Admission**

4

Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff' employment and separation thereof.

**6.**    <u>**Oral Modifications Prohibited**</u>

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**7.**    <u>**Enforcement of the Agreement**</u>

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**8.**    <u>**Jurisdiction**</u>

The parties respectfully request that this Court, the United States District Court for the Southern District of New York, retains jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

**9.**    <u>**Effective Date**</u>

This Agreement and Release shall become effective immediately upon execution.

**10.**    <u>**Counterparts**</u>

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**PLAINTIFFS:**

_DARIO VELASQUEZ_
**DARIO BENITO VELASQUEZ**

Date: _1/19/22_

_Celerino Mata Primitivo_
**CELERINO MATA PRIMITIVO**

Date: _1/19/22_

**DEFENDANTS:**

NYC TRUCKING INC.

_____
**VICTORIANO BRAVO, Agent Authorized to sign on behalf of NYC TRUCKING INC.**

Date:_____

_____
**VICTORIANO BRAVO, as an individual**

Date:_____

6

**PLAINTIFFS:**

_____
**DARIO BENITO VELASQUEZ**

**Date:**_____

_____
**CELERINO MATA PRIMITIVO**

**Date:**_____

**DEFENDANTS:**

**NYC TRUCKING INC.**

_____
**VICTORIANO BRAVO, Agent Authorized to sign on behalf of NYC TRUCKING INC.**

**Date:**_____

_____
**VICTORIANO BRAVO, as an individual**

**Date:** 1/20/2022

6

# EXHIBIT A

| EXHIBIT A: SETTLEMENT ALLOCATIONS AND INSTALLMENT PAYMENTS | |
|---|---|
| Settlement amount: $60,000.00 | |
| Expenses: $528.00 | |
| Net Settlement Amount: $59,472.00 | |
| | |
| Requested Attorneys Fees: $59,472.00 / 3 = $19,824.00 | |
| Total payable to Attorneys: $19,824.00 + $528.00 = **$20,352.00** | |
| Total payable to Plaintiffs: $60,000.00 - $20,352.00 = **$39,648.00** | |
| | |
| Total payable to Plaintiff Dario Benito Velasquez | **$24,648.00** |
| Total payable to Plaintiff Celerino Mata Primitivo | **$15,000.00** |
| | **$39,648.00** |
| | |
| Initial Payment of $15,000.00 (Paragraph 1(a)(i)) | |
| Dario Benito Velasquez | **$6,162.00** |
| Celerino Mata Primitivo | **$3,750.00** |
| Helen F. Dalton & Associates, P.C. | **$5,088.00** |
| | |
| Each Installment of $3,000.00 (Paragraph 1(a)(ii)-(xvi)) | |
| Dario Benito Velasquez | $    1,232.40 |
| Celerino Mata Primitivo | $    750.00 |
| Helen F. Dalton & Associates, P.C. | $    1,017.60 |
| | $    3,000.00 |
| | |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X
DARIO BENITO VELASQUEZ and CELERINO MATA
PRIMITIVO, individually and on behalf of all others similarly
situated,

                                 Plaintiff,

         -against-

NYC TRUCKING INC. d/b/a NYC PRODUCE and
VICTORIANO BRAVO, as an individual,

                           Defendants.

-------------------------------------X

**CONFESSION OF
JUDGMENT**

**1:20-CV-5229**

I, VICTORIANO BRAVO, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, NYC TRUCKING INC., in the above action.

2. My full legal name is _Victoriano Bravo_ and I reside at _438 E 4th St - Brooklyn, NY 11218_.

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs for the sum of Ninety Thousand Dollars ($90,000.00) in this matter, less 150% of the total amount of any payments made in accordance with the amicable resolution of an action between these parties pending in the Southern District of New York bearing Docket No. 20-CV-5229 (the "Litigation") and hereby authorize Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against VICTORIANO BRAVO.

4. I, as an authorized agent of NYC TRUCKING INC., hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of Ninety Thousand Dollars ($90,000.00) in this matter, less 150% of the total amount of any payments made in accordance with the amicable resolution of an action between these parties pending in the Litigation and hereby authorize Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against NYC TRUCKING INC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages and minimum wages when Plaintiff during their employment. Defendants denied all allegations and that Plaintiffs were entitled to any recovery. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of sixty thousand dollars ($60,000.00) pursuant to the following payment schedule:

(i) $15,000.00 payable within thirty (30) days of Court approval of the Settlement Agreement;

(ii)    $45,000.00 payable in fifteen (15) monthly installments of $3,000.00, with the first payment of $3,000.00 due within thirty (30) days of the payment due date set in Paragraph 1(a)(i) of the Settlement Agreement;

6. In the event Defendants are in default of any of the payments in Paragraph 1 of the Settlement Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants' counsel, Timothy J. Fierst, Esq. at tfierst.law@gmail.com. In the event that Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.


VICTORIANO BRAVO, as an individual

Date: 1/20/2022

Sworn to before me this
20th day of January, 2022

Notary Public

MARIBEL CHINO
Notary Public - State of New York
No. 01CH6179414
Qualified in Kings County
My Commission Expires 12-24-23

VICTORIANO BRAVO, as an agent authorized to execute on behalf of NYC TRUCKING INC.

Date: 01 -20- 2022

Sworn to before me this
20th day of January, 2022

Notary Public

MARIBEL CHINO
Notary Public - State of New York
No. 01CH6179414
Qualified in Kings County
My Commission Expires 12-24-23