

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

January 21, 2022

**Via ECF**
The Honorable District Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/24/2022

Re: **Velasquez, et al. v. NYC Trucking, Inc., et al.**
    **20-CV-5229 (VEC)**

Dear Judge Caproni:

Our office represents Dario Benito Velasquez ("Velasquez") and Celerino Mata Primitivo ("Primitivo") (collectively, "the Plaintiffs") in the above-referenced matters and we submit this motion jointly with counsel for NYC Trucking Inc. d/b/a NYC Produce and Victoriano Bravo (collectively, the "Defendants") seeking approval of the Settlement Agreement (attached hereto as **Exhibit 1**) ("the Agreement") as fair and reasonable. The terms of the Agreement were reached at after multiple Court-annexed mediations through the SDNY Mediation Program before a Court-appointed neutral.

The parties submit that the terms of the Agreement comport with *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d. Cir. 2015) and provide analysis using the factors articulated in *Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-336* as a basis for why the Court should approve the Agreement. Separately, Plaintiffs' counsel addresses their request for attorneys' fees and their fee arrangement with Plaintiffs.

Lastly, in light of the instant motion, the parties respectfully request that the conference scheduled for January 26, 2022 be adjourned *sine die*.

### I.    The Wolinsky Factors

The parties analyze the fairness and reasonableness of the Agreement utilizing the factors articulated in *Wolinsky*:

1. **The Plaintiffs' range of possible recovery:**

   a. **Plaintiffs' Position**

   Plaintiffs are former employees of the Defendants who worked at NYC Produce, located at 532 Bryant Avenue, Bronx, New York 10474, during the respective time periods alleged below.  Plaintiffs commenced this action on July 8, 2020 to recover damages against Defendants for overtime wages, and minimum wages, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and spread of hour compensation in violation of the NYLL, as well as statutory penalties resulting for WTPA violations under the NYLL for failure to provide Plaintiffs with written wage notices and failure to provide Plaintiffs with wage statements upon each payment of their wages, as required by NYLL §195(1) and (3).

<u>Plaintiff Velasquez</u>

   Plaintiff Velasquez alleged that he was employed by the Defendants to work as a stocker and cleaner from in or around June 2018 until in or around January 2020.  Plaintiff Velasquez alleged that he regularly worked approximately sixty (60) hours or more per week throughout his employment by the Defendants.

   Plaintiff Velasquez alleged that he was paid by the Defendants a flat weekly salary at a rate of $500.00 per week from in or around June 2018 until in or around December 2018, and $525.00 per week from in or around January 2019 until in or around January 2020.

   As such, Plaintiff Velasquez alleged that he was not compensated at time-and-a-half his calculated hourly rate of pay for approximately 20 hours per week for approximately one-and-a-half years of employment. Plaintiff Velasquez also alleged that his calculated hourly rate of pay fell below the applicable minimum wage and was entitled to the difference between the minimum wage rate and his rate of pay received.

<u>Plaintiff Primitivo</u>

   Plaintiff Primitivo alleged that he was employed by the Defendants to work as a stocker and cleaner from in or around May 2018 until in or around January 2019.  Plaintiff Primitivo alleged that he regularly worked approximately seventy-two (72) hours or more per week throughout his employment by the Defendants.

   Plaintiff Primitivo alleged that he was paid by the Defendants a flat weekly salary at a rate of $400.00 per week during his employment.

   As such, Plaintiff Primitivo alleged that he was not compensated at time-and-a-half his calculated hourly rate of pay for approximately 32 hours per week for approximately eight months of employment. Plaintiff Primitivo also alleged that his calculated hourly rate of pay fell below the applicable minimum wage and was entitled to the difference between the minimum wage rate and his rate of pay received.

<u>Plaintiffs' Reasonable Range of Recovery</u>

Plaintiffs initially alleged $67,000.00 in unpaid overtime wages and minimum wages. During the parties' mediation sessions, Defendants disclosed records which disputed Plaintiffs' allegation as to the dates of their employment, amounts paid and hours worked. In particular, Defendants disputed the length of Plaintiff Primitivo's employment as their records indicated that he was only employed for a number of weeks. Plaintiffs disagreed with the accuracy and completeness of these records, but understood the potential value of such records as well as the factual disputes that existed as to their underlying claims.

Based on our review of the documents, our negotiations within the mediations held and conversations with the Court-appointed mediator, we believed that if Plaintiff could have reasonably established at least $40,000.00 of their alleged unpaid wages. If Plaintiffs were also successful in establishing their claims for liquidated damages and statutory penalties, they could have reasonably recovered up to $100,000.00. As such, Plaintiffs believe their reasonable range of recovery was $0.00 to $100,000.00.

**b. The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $60,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after multiple mediations before a Court-appointed neutral. The parties had genuine, bona fide disputes over the hours worked by Plaintiffs, the pay received by Plaintiffs and the dates of Plaintiffs' employment, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Moreover, the settlement amount falls squarely in the realistic, possible range of settlement and allows Plaintiffs to recover a substantial sum of their alleged unpaid wages – a figure strongly contested by Defendants – and takes into account both the risks of obtaining a judgment at trial and whether Plaintiff would be able to collect on any such judgment post-trial. The settlement also reflects the economic realities of the Defendants, which factored into Plaintiffs' decision to resolve this matter at the agreed-upon amount.

2. **The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses":**

The settlement still enables the parties to avoid the anticipated burdens and expenses of formal paper discovery, including exchanging interrogatory and document demands and responses on each other, as well as depositions and a trial. Had the parties not reached a settlement, both sides faced significant time and expenses dedicated to conducting at least three party depositions and an undetermined number of non-party depositions. The parties also would have also likely engaged in pre-trial motion practice. Lastly, the parties also anticipated significant time and expenses dedicated to conducting a trial that may have lasted two or three days.

Plaintiffs would have incurred expenses preparing exhibits and a hiring court-licensed translator for trial in addition to conducting the trial. Defendants would have also been required to dedicate significant time and money toward a trial which would have served as a distraction to operating their business. The settlement gives both parties peace of mind that they will not incur additional expenses and face an uncertain outcome at trial.

3. **The seriousness of litigation risks faced by the parties:**

Both parties faced significant risks had they proceeded to trial in this matter.

Although Plaintiffs were confident that he could succeed on all their claims, Plaintiffs recognized the attendant risks of not prevailing at trial and not receiving any recovery. Plaintiffs also could have recovered less than agreed-upon settlement at trial. Moreover, Plaintiffs could have obtained a judgment against Defendants at trial on which they could not collect. The seriousness of this risk favored a guaranteed payment through a Court-approved settlement for Plaintiffs.

Defendants also faced the risk of losing at trial and not only having to pay any potential unpaid wages, liquidated damages and penalties to Plaintiffs but also Plaintiffs' counsel's reasonable attorneys' fees.

4. **Whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel":**

The parties engaged in extensive back-and-forth settlement discussion through a Court-appointed mediator. The first mediation was held on November 2, 2021 and the second mediation was held on December 2, 2021.

Plaintiffs are represented by counsel who specialize in FLSA and NYLL matters and have settled hundreds of wage-and-hour cases in both New York state and federal courts. Defendants are also represented by counsel who specialize in FLSA and NYLL matters.

Further, the terms of the Settlement Agreement were the product of continued arm's-length bargaining between experienced counsel and has been carefully tailored to satisfy the criteria articulated for approval by Second Circuit courts.

**5.   The possibility of fraud of collusion:**

Both parties are represented by experienced, competent counsel and the parties have maintained a professional relationship throughout the litigation. There is no possibility of fraud or collusion in this settlement.

**II.   <u>Requested Attorneys' Fees and Distribution to Plaintiff</u>**

The parties agreed to a global settlement of $60,000.00. If the Agreement is approved by the Court, Plaintiffs will recover $39,648.00 after requested attorneys' fees and reimbursement of expenses. Each Plaintiff will recover an amount proportional to his calculation of damages, which consider each Plaintiff's length of employment, alleged hours worked and alleged pay received. The allocations also consider the risk associated with each client's claims and the records provided by Defendants. The settlement allocations are included in Exhibit A of the Settlement Agreement.

Plaintiffs' counsel respectfully requests $528.00 for identifiable expenses, which include:
- the Southern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on all Defendants: $128.00

Plaintiff's counsel respectfully requests one-third of the settlement less their expenses ($59,472.00), or $19,824.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $20,352.00.

The settlement as broken down into its component parts is as follows:

**Settlement Amount:** $60,000.00
**Attorneys' Expenses:** $528.00
**Net Settlement Amount:** $59,472.00 ($60,000.00 - $528.00)
**Requested Attorneys' Fees:** $19,824.00 ($59,472.00 / 3)
**Total payable to Attorneys:** $20,352.00 ($19,824.00 + $528.00)
**Total payable to Plaintiffs:** $39,648.00 ($60,000.00 - $20,352.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).  Courts in this District typically

approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their client throughout the litigation and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs and the fee arrangement of one-third of the net settlement amount is regularly approved by courts in the Second Circuit.

Furthermore, in support of this fee request, Plaintiffs' counsel's contemporaneous billing records, attorney qualifications and lodestar calculation of attorneys' fees are attached hereto as **Exhibit 2**.

### III. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of negotiations at multiple Court-annexed mediations and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss this action. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.

The agreement is hereby approved as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The conference scheduled for January 26, 2022 is CANCELED. The Clerk of Court is respectfully directed to terminate all motions and deadlines and to close this case.

SO ORDERED.

*Valerie Caproni*                1/24/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **DARIO BENITO VELASQUEZ and CELERINO MATA PRIMITIVO** (hereinafter referred to as "Plaintiffs") and **NYC TRUCKING CORP. d/b/a NYC PRODUCE and VICTORIANO BRAVO** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-and-hour-related claims that Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 20-CV-5229 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS**, Defendants deny any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a.      Defendants shall cause Plaintiffs to be paid the gross sum of Sixty Thousand Dollars ($60,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. Within 30 days of Court approval of this Agreement, Defendants shall provide payment of Fifteen Thousand Dollars and Zero Cents ($15,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ii. Within 30 days of the Payment Due Date in Paragraph 1(a)(i), Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

1

iii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(ii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iv. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(iii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

v. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(iv)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vi. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(v)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(vi)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

viii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(vii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ix. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(viii)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

x. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(ix)</u>, Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xi. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(x),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xi),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xiii. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xii),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xiv. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xiii),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xv. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xiv),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

xvi. <u>Within 30 days of the Payment Due Date in Paragraph 1(a)(xv),</u> Defendants shall provide payment of Three Thousand Dollars and Zero Cents ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of Settlement Funds. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. Within five (5) business days of receiving the full payment listed in Paragraph 1(a)(i), Plaintiffs will file a Stipulation of Discontinuance with prejudice for Court approval.

2. **Confession of Judgment**

a. Upon signing of this settlement agreement, Defendants shall execute and provide original signed versions of a Confession of Judgment in the amount of Ninety Thousand Dollars ($90,000.00) (attached hereto as Exhibit B), less 150% of any amounts previously paid pursuant to this Agreement, and counsel for the

Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b.  In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiffs shall provide ten (10) calendar days written notice to be delivered to Defendants via email to Timothy J. Fierst, Esq. at tfierst.law@gmail.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c.  In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

d.  Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiffs' counsel shall return the Confessions of Judgment to Defendants' counsel or confirm that the Confessions of Judgment have been destroyed.

## 3.  **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, their successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, liquidated damages, record-keeping violations and failure to provide proper wage statements and wage notices, which Plaintiffs ever had or now have against all Defendants.

## 4.  **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

## 5.  **Non-Admission**

4

Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff' employment and separation thereof.

### 6.    **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 7.    **Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 8.    **Jurisdiction**

The parties respectfully request that this Court, the United States District Court for the Southern District of New York, retains jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

### 9.    **Effective Date**

This Agreement and Release shall become effective immediately upon execution.

### 10.   **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**PLAINTIFFS:**

*DARIO VELASQUEZ*
DARIO BENITO VELASQUEZ

Date: 1/19/22

*Celerino Mata Primitivo*
CELERINO MATA PRIMITIVO

Date: 1/19/22

**DEFENDANTS:**

NYC TRUCKING INC.

_____

VICTORIANO BRAVO, Agent Authorized to sign on behalf of NYC TRUCKING INC.

Date:_____

_____

VICTORIANO BRAVO, as an individual

Date:_____

6

**PLAINTIFFS:**

_____

**DARIO BENITO VELASQUEZ**

**Date:_____**

_____

**CELERINO MATA PRIMITIVO**

**Date:_____**

**DEFENDANTS:**

**NYC TRUCKING INC.**

_____

**VICTORIANO BRAVO, Agent Authorized to sign on behalf of NYC TRUCKING INC.**

**Date:_____**

_____

**VICTORIANO BRAVO, as an individual**

**Date:__ 1/20/2022**

6

# EXHIBIT A

| EXHIBIT A: SETTLEMENT ALLOCATIONS AND INSTALLMENT PAYMENTS | | |
|---|---|---|
| Settlement amount: $60,000.00 | | |
| Expenses: $528.00 | | |
| Net Settlement Amount: $59,472.00 | | |
| | | |
| Requested Attorneys Fees: $59,472.00 / 3 = $19,824.00 | | |
| Total payable to Attorneys: $19,824.00 + $528.00 = **$20,352.00** | | |
| Total payable to Plaintiffs: $60,000.00 - $20,352.00 = **$39,648.00** | | |
| | | |
| Total payable to Plaintiff Dario Benito Velasquez | | **$24,648.00** |
| Total payable to Plaintiff Celerino Mata Primitivo | | **$15,000.00** |
| | | **$39,648.00** |
| | | |
| Initial Payment of $15,000.00 (Paragraph 1(a)(i)) | | |
| Dario Benito Velasquez | | **$6,162.00** |
| Celerino Mata Primitivo | | **$3,750.00** |
| Helen F. Dalton & Associates, P.C. | | **$5,088.00** |
| | | |
| Each Installment of $3,000.00 (Paragraph 1(a)(ii)-(xvi)) | | |
| Dario Benito Velasquez | $ | **1,232.40** |
| Celerino Mata Primitivo | $ | **750.00** |
| Helen F. Dalton & Associates, P.C. | $ | **1,017.60** |
| | $ | **3,000.00** |

# EXHIBIT B



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DARIO BENITO VELASQUEZ and CELERINO MATA
PRIMITIVO, individually and on behalf of all others similarly
situated,

                             **Plaintiff,**

      -against-

NYC TRUCKING INC. d/b/a NYC PRODUCE and
VICTORIANO BRAVO, as an individual,

                            **Defendants.**

-----------------------------------X

**CONFESSION OF
JUDGMENT**

**1:20-CV-5229**

I, VICTORIANO BRAVO, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, NYC
TRUCKING INC., in the above action.

2. My full legal name is ___Victoriano Bravo___ and I reside at
___438 E 4th St- Brooklyn, NY 11218___.

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs
for the sum of Ninety Thousand Dollars ($90,000.00) in this matter, less 150% of the
total amount of any payments made in accordance with the amicable resolution of an
action between these parties pending in the Southern District of New York bearing
Docket No. 20-CV-5229 (the "Litigation") and hereby authorize Plaintiffs or their heirs,
executors, administrators, or assigns to enter judgment for that sum against
VICTORIANO BRAVO.

4. I, as an authorized agent of NYC TRUCKING INC., hereby confesses judgment in
this Court in favor of the Plaintiffs, for the sum of Ninety Thousand Dollars
($90,000.00) in this matter, less 150% of the total amount of any payments made in
accordance with the amicable resolution of an action between these parties pending in
the Litigation and hereby authorize Plaintiffs or their heirs, executors, administrators, or
assigns to enter judgment for that sum against NYC TRUCKING INC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the
following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages and minimum wages when Plaintiff during their employment. Defendants denied all allegations and that Plaintiffs were entitled to any recovery. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of sixty thousand dollars ($60,000.00) pursuant to the following payment schedule:

       (i) $15,000.00 payable within thirty (30) days of Court approval of the Settlement Agreement;

       (ii)   $45,000.00 payable in fifteen (15) monthly installments of $3,000.00, with the first payment of $3,000.00 due within thirty (30) days of the payment due date set in Paragraph 1(a)(i) of the Settlement Agreement;

      6. In the event Defendants are in default of any of the payments in Paragraph 1 of the Settlement Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants' counsel, Timothy J. Fierst, Esq. at tfierst.law@gmail.com. In the event that Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.


_____
VICTORIANO BRAVO, as an individual

Date: 1/20/2022


Sworn to before me this
20th day of January, 2022

_____
Notary Public

MARIBEL CHINO
Notary Public - State of New York
No. 01CH6179414
Qualified in Kings County
My Commission Expires 12-24-23

VICTORIANO BRAVO, as an agent authorized to execute on behalf of NYC
TRUCKING INC.

Date: _01 -20. 2022_

Sworn to before me this
_20th_ day of _January_ 2022

Notary Public

MARIBEL CHINO
Notary Public - State of New York
No. 01CH6179414
Qualified in Kings County
My Commission Expires _2-24-23_

Case 1:20-cv-05229-VEC   Document 36-2   Filed 01/21/22   Page 1 of 3

**Billing Records for 20-cv-05229: Velasquez et al v. NYC Trucking Corp. et al**

| Date | Attorney | Time Spent (Hours) | Notes | Paralegal |
|---|---|---|---|---|
| 1/22/2020 | RA | 1.6 | Intake of client | P |
| 3/6/2020 | RA | 1.2 | Meet w/ client, more information on defendants, claims | P |
| 3/10/2020 | RA | 0.7 | Research prior litigation against defs | |
| 5/11/2020 | RA | 1.2 | Perform calculations of damages | |
| 6/3/2020 | RA | 2.1 | Draft complaint | |
| 6/15/2020 | RA | 0.2 | Calls with client re: appoinment scheduling | |
| 7/8/2020 | RA | 1.5 | Review complaint with client, edit and finalize complaint, file Complaint | P |
| 7/9/2020 | RA | 0.2 | Sent Summons & Complaint to process server | |
| 7/10/2020 | RA | 0.1 | Review and save order | |
| 7/29/2020 | RA | 0.3 | Call w/ def atty re: representation & waiver of service | |
| 8/7/2020 | RA | 0.3 | Draft and email waiver of service to OC w/ copy of complaint, cover sheet, etc. | |
| 8/13/2020 | RA | 0.2 | Receive and file waiver of service | |
| 8/31/2020 | RA | 0.3 | Emails re: client's identity | |
| 9/2/2020 | RA | 0.2 | Research re: client contact info, attempt to contact | P |
| 9/10/2020 | RA | 0.1 | attempt to contact client | P |
| 9/14/2020 | RA | 0.1 | attempt to contact client | P |
| 9/23/2020 | RA | 0.3 | Draft and mail contact letter to client | P |
| 10/6/2020 | RA | 0.1 | attempt to contact client | P |
| 10/22/2020 | RA | 0.1 | Review and save order | |
| 10/28/2020 | RA | 0.2 | Emails w/ OC re: status | |
| 11/10/2020 | RA | 1.6 | Intake of client Mata | P |
| 11/11/2020 | RA | 1 | Meet w/ client Velasquez re: update, illness, continuing case etc. | P |
| 11/13/2020 | RA | 0.7 | Draft and file motion | |
| 11/13/2020 | JO | 0.3 | Email to OC re: client return, add'l client, motion to amend | |
| 11/20/2020 | RA | 1.2 | Save and calendar orders; drafted amended complaint | |
| 11/24/2020 | RA | 1.5 | Meet w/ clients; finalize and file amended complaint and pleadings | P |
| 11/25/2020 | RA | 0.1 | Review and save order | |
| 1/13/2021 | RA | 0.8 | Draft and file second motion and amended pleadings; review and amended calendar order | |
| 1/15/2021 | RA | 0.2 | review and save orders | |
| 1/15/2021 | JO | 0.5 | Email to OC re: waiver of service, amended complaint, docs maintained by client | |
| 1/22/2021 | RA | 0.3 | emails with OC re: waiver of service; file | |
| 1/25/2021 | JO | 0.2 | emails with OC re: waiver of service | |
| 2/22/2021 | RA | 0.3 | recvd, reviewed, filed waiver of service; entered dates in system | |
| 3/2/2021 | JO | 1.5 | Revise calcs, perform calcs for Mata, email to OC | |
| 3/30/2021 | JO | 0.6 | Emails re: stip ext time to answer; review, execute and return for filing | |
| 3/31/2021 | RA | 0.7 | Calls with clients re: more information/docs to support employment, enter orders | P |
| 6/9/2021 | RA | 0.1 | Review and save order | |
| 6/22/2021 | JO | 0.5 | Calls/emails re: mediation | |
| 6/23/2021 | JO | 0.4 | Emails w/ OC re: joint motion | |
| 6/24/2021 | RA | 1.2 | Draft and file affirmation and letter; review and save orders | |
| 6/25/2021 | RA | 0.1 | Review and save order | |

| Date | Initials | Hours | Description | |
|---|---|---|---|---|
| 6/29/2021 | JO | 0.3 | Emails w/ OC re: mediator process | |
| 7/8/2021 | RA | 0.2 | Review and save order | |
| 7/22/2021 | JO | 1.2 | Call w/ clients re: information; prepare for and attend pre-mediation conf | P |
| 7/28/2021 | RA | 0.5 | Mediation scheduled; call clients re: scheduling, status update | P |
| 8/17/2021 | JO | 2.2 | Draft and email mediation statement and calcs to mediator | |
| 8/24/2021 | JO | 1.8 | Mediation held, rescheduled due to one client's absence, discussed issues | P |
| 8/27/2021 | RA | 0.5 | Meeting w/ client who missed mediation | |
| 10/6/2021 | JO | 0.5 | Calls/emails re: rescheduling mediation | P |
| 10/6/2021 | RA | 0.2 | Review and save orders | |
| 11/2/2021 | JO | 4.2 | Research re: Def assets; second mediation held; scheduled third sesson | P |
| 11/16/2021 | JO | 0.5 | Email from mediator re: rescheduling mediation; calls to clients re: rescheduling | P |
| 12/2/2021 | JO | 3.6 | Mediation held - SETTLED | P |
| 12/7/2021 | JO | 0.7 | Draft and file motion/status report | |
| 12/8/2021 | RA | 0.2 | Review and save orders | |
| 1/7/2022 | RA | 0.6 | Draft and file motion | |
| 1/10/2022 | RA | 0.2 | Review and save/calendar orders | |
| 1/14/2022 | JO | 1.8 | Calculate settlement allocations; calls to clients; begin drafting settlement docs | P |
| 1/17/2022 | JO | 3.2 | Draft, finalize drafts of motion for approval, settlement agr., COJs, allocations, etc. | |
| 1/18/2022 | JO | 1.2 | Emails re: edits to docs; revised and finalized settlement docs for sigs/filing | |
| 1/19/2022 | RA | 1.8 | Meet w/ clients, review agreement/settlement docs, obtain signatures | P |
| 1/20/2022 | JO | 0.2 | Emails w/ OC re: signatures, finalizing for filing | |
| 1/21/2022 | JO | 0.6 | Recvd signed copies from defs; finalized/filed settlement docs for approval | |

10497.5
6625
1815

**Total Hours**

| | | |
|---|---|---|
| RA | 24.7 * $425.00 = $ | |
| JO | 26.5 * $250.00 = $ | |
| Paralegal | 24.2 * $75.00 = $ | |
| | **Total: 18937.5** | |

**Expenses Incurred**

| Date | Cost | Note |
|---|---|---|
| 7/8/2020 | $400.00 | SDNY Filing Fee |
| 9/23/2020 | $128.00 | Cost of Service on Defendants by PMLegal |

**Attorney Qualifications and Lodestar Calculation for Plaintiffs' Counsel**

i.  **Attorney Roman Avshalumov**

Roman Avshalumov has been an attorney for fourteen years, and is admitted to practice in New York and New Jersey, as well as the EDNY, SDNY, and District of New Jersey.  He has represented both plaintiffs and defendants in labor law actions.  Mr. Avshalumov has tried numerous labor/employment cases, and settled over a hundred more.  He has also tried over 50 personal injury and employment actions.  Mr. Avshalumov is the senior managing attorney at Helen F. Dalton & Associates, P.C., where he oversees all litigation at the firm, and has done so for the last ten years.  Mr. Avshalumov currently bills at **$425.00** per hour, which is standard for attorneys with his level of experience. Throughout this case, Mr. Avshalumov spent approximately **24.7 hours** on this case. Accordingly, Mr. Avshalumov reasonably would charge **$10,497.50** for his work performed in these matters.

ii.  **Attorney James O'Donnell**

James O'Donnell has been an attorney for six years and is admitted to practice in New York as well as the EDNY and SDNY. Mr. O'Donnell is the head of the labor law practice group and managing attorney at Helen F. Dalton & Associates, P.C. and oversees all labor and employment matters and litigation at the firm. Mr. O'Donnell has exclusively worked on employment matters during his five-and-a-half years at the firm.  He has appeared on hundreds of FLSA matters in the Second Circuit, including collective actions and class actions, and has settled or otherwise resolved over two hundred and fifty wage-and-hour cases in New York state and federal courts during his employment. Mr. O'Donnell currently bills at **$250.00** per hour, which is standard for attorneys with his level of experience. Throughout this case, Mr. O'Donnell spent approximately **26.5 hours** on this case.  Accordingly, Mr. O'Donnell reasonably would charge **$6,625.00** for his work performed in this matter.

iii.  **Paralegal Services**

Lastly, Plaintiffs' counsel incurred approximately **24.2 hours** of bilingual paralegal services provided at **$75.00** per hour, for approximately **$1,815.00** in total.

iv.  **Lodestar Calculation**

As such, Plaintiff's counsel has incurred approximately **$18,937.50** in attorneys' fees using the Lodestar Method, not including expenses associated with matter.